IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALAN BLAKELY,<br><br>    Plaintiff,<br><br>v.<br><br>HAMILTON PARK, INC. d/b/a HAMILTON PARK INTERIORS; ELIZABETH CROWDER; and LORI ADAMS,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO PARTIALLY DISMISS THE FIRST AMENDED COMPLAINT**<br><br>No. 1:25-cv-115-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

This case arises out of the allegedly unauthorized use of photographs taken by Plaintiff Alan Blakely in violation of the Copyright Act.[1] Pending before the court is Defendants' Motion to Partially Dismiss.[2] For the reasons explained below, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[3]

Blakely is a commercial photographer who specializes in photographing architecture and interior design.[4] On June 26, 2019, Blakely captured 25 photographs that he subsequently registered with the United States Copyright Office on November 15, 2022 (Copyrighted

---

[1] Dkt. 12, *First Amended Complaint*.

[2] Dkt. 18, *Motion to Partially Dismiss the First Amended Complaint* (*Motion*).

[3] The following facts are drawn from the First Amended Complaint. At this stage, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the nonmovant. *See Waller v. City & Cnty. of Denv.*, 932 F.3d 1277, 1282 (10th Cir. 2019) (considering as Rule 12(b) motion); *Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011) (stating the court uses the same standard to evaluate Rule 12(b) and Rule 12(c) motions).

[4] *First Amended Complaint* ¶ 1.

1

Photographs).[5] The Copyrighted Photographs received the Registration Number VA 2-396-425.[6]

Defendant Hamilton Park, Inc. is a Utah interior design corporation doing business as Hamilton Park Interiors.[7] Beginning in October 2020, Hamilton Park began posting the Copyrighted Photographs on its Facebook page and Instagram accounts "hamiltonparkinteriors" and "hamiltonparkinteriors.trade."[8] As early as August 1, 2022, Hamilton Park began featuring the Copyrighted Photographs on its commercial website and Houzz feed.[9] Hamilton Park also included a selection of the Copyrighted Photographs in various publication advertisements beginning October 25, 2022.[10]

Defendant Elizabeth Crowder is a former Hamilton Park employee who began posting the Copyrighted Photographs to her LinkedIn account in June 2020.[11] Defendant Lori Adams is a Senior Interior Designer at Hamilton Park.[12] She posted the Copyrighted Photographs to her Instagram account on November 9, 2023.[13]

---

[5] *Id.* ¶¶ 8, 9. The First Amended Complaint depicts each Copyrighted Photograph along with one of the following alphanumeric identifiers: "_E1A1988_," "_E1A2013_," "_E1A2077_," "_E1A2105_-Pano," "_E1A2133_," "_E1A2048," "_E1A2140_," "_E1A2149_," "_E1A2156," "_E1A2170," "_E1A2177_," "_E1A2191_," "_E1A2212_," "_E1A2219," "_E1A2226_," "_E1A2254," "_E1A2282_," "_E1A2296_," "_E1A2303_," "_E1A2359_," "_E1A2416_," "_E1A2596_-Pano," "_E1A2611_," "_E1A2616_," and "E1A2170_." *Id.* ¶ 8.

[6] *Id.* ¶ 9.

[7] *See id.* ¶¶ 2–4, 11; *see also id.* at 1.

[8] *Id.* ¶¶ 14–17.

[9] *Id.* ¶¶ 11–12.

[10] *Id.* ¶ 18.

[11] *Id.* ¶¶ 3, 13.

[12] *Id.* ¶ 4.

[13] *Id.* ¶ 19.

Defendants are not and have never been licensed to use the Copyrighted Photographs.[14] Hamilton Park, Adams, and Crowder never contacted Blakely to seek his permission to use the photographs.[15] Blakely first discovered the unauthorized use of the Copyrighted Photographs around January 19, 2024.[16]

On August 13, 2025, Blakely filed the Complaint against Hamilton Park, Crowder, and Adams.[17] On October 22, 2025, Defendants answered the Complaint.[18] That same day, Defendants filed a Motion to Partially Dismiss the First Amended Complaint.[19] The Motion is fully briefed and ripe for review.[20]

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[21] "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[22] To survive a Rule 12(b)(6) motion, the plaintiff must "nudge" the "claims across the line from conceivable to plausible."[23] "In ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the

---

[14] *Id.* ¶ 20.

[15] *Id.*

[16] *Id.* ¶ 21.

[17] Dkt. 1, *Complaint*. On October 21, 2025, Blakely amended the Complaint as a matter of course under Federal Rule of Civil Procedure 15. *See First Amended Complaint*; *see also* Fed. R. Civ. P. 15(a)(1).

[18] Dkt. 17, *Answer to the First Amended Complaint*.

[19] *Motion*.

[20] *See* Dkt. 21, *Plaintiff's Opposition and Accompanying Memorandum of Law to Defendant's Motion to Dismiss* (*Opposition*); Dkt. 23, *Defendants' Reply in Support of Their Motion to Partially Dismiss the First Amended Complaint* (*Reply*).

[21] Fed. R. Civ. P. 12(c). As explained below, the court construes the Motion under Rule 12(c).

[22] *Atl. Richfield Co. v. Farm Cred. Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[23] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

defendant is liable."[24]  A claim is plausible when the factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] "Detailed factual allegations" are not required, but "a formulaic recitation of the elements of a cause of action will not do."[26]  Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[27]  Additionally, the court may only consider allegations pleaded in the operative complaint—not any new allegations asserted for the first time in a brief opposing dismissal.[28]

## ANALYSIS

### I. The Court Construes the Motion as a Rule 12(c) Motion for Judgment on the Pleadings.

The court finds the motion is procedurally improper under Rule 12(b) because the Answer was docketed before the Motion.[29]  A Rule 12(b)(6) motion must be made before answering the complaint.[30]  The Tenth Circuit has instructed that "[i]f the defendant makes the motion after filing the answer, the motion should generally be treated a motion for judgment on the pleadings."[31]  Courts generally construe 12(b)(6) motions as 12(c) motions when the motion

---

[24] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citation modified); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679–81 (2009); *Waller*, 932 F.3d at 1282.

[25] *Iqbal*, 556 U.S. at 678 (citation modified).

[26] *Twombly*, 550 U.S. at 555 (citation modified).

[27] *Iqbal*, 556 U.S. at 679.

[28] *See Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) ("Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss." (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)); *Gonzalez v. Salt Lake City Corp.*, No. 2:24-cv-00321-JNP-DAO, 2025 WL 2732511 (D. Utah Sept. 25, 2025) (same).

[29] *See generally Docket*.

[30] Fed. R. Civ. P. 12(b).

[31] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

is filed on the same day—but docketed after—the answer.[32]  Rule 12(c) allows a party to raise a failure-to-state-a-claim defense.[33]

On October 22, 2025, the Answer was docketed and then the Motion.[34]  Accordingly, the Court construes the Motion as a Rule 12(c) motion.  However, the same standard applies.  For simplicity, the court keeps with the parties' designation and refers to the Motion as a motion to partially dismiss.[35]

## II. The Claims for Statutory Damages and Fees as to Hamilton Park and Crowder are Dismissed but Survive as to Adams.

Defendants argue the claims "for statutory damages and attorney fees must be dismissed."[36]  The court agrees as to two of the defendants but disagrees as to Adams.

The Copyright Act generally allows copyright holders to receive either actual damages and profits or statutory damages from an infringer.[37]  The court may also award attorney's fees and costs in its discretion.[38]  But an exception applies when the infringing behavior began before the trademark's registration or effective date.  Specifically, 17 U.S.C. § 412 prohibits awarding statutory damages or attorney's fees for "any infringement of copyright in an unpublished work commenced before the effective date of its registration" or "any infringement of copyright

---

[32] *See, e.g.*, *Cincinnati Specialty Underwriters Ins. v. Red Rock 4Wheelers*, 576 F. Supp. 3d 905, 912 (D. Utah 2021) (construing Rule 12(b) motion as a motion for judgment on the pleadings when answer concurrently filed with motion but answer docketed first); *Yarbough v. Kaiser Permanente Ga. Region*, Case No. 1:20-cv-4484-WMR-CCB, 2021 WL 3929571, at *3 (N.D. Ga. June 29, 2021) (similar); *Brewer v. Pineiro*, CV422-264, 2024 WL 1261706, at *4 (S.D. Ga. Feb. 27, 2024) (similar).

[33] Fed. R. Civ. P. 12(c).

[34] *Answer*; *Motion*.

[35] *See Jacobsen*, 287 F.3d at 941 n.2 (referring to a 12(b)(c) motion as a 12(b)(6) motion to be consistent with the parties' designation).

[36] *Motion* at 5.

[37] 17 U.S.C. § 504(a).

[38] *Id.* § 505.

commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."[39]

Blakely concedes that statutory damages and fees are not available for acts that occurred prior to November 15, 2022.[40] But he maintains he "is eligible for statutory damages and attorney's fees and costs . . . for incidents of infringement . . . where the date of registration . . . precedes the alleged dates of infringement."[41]

Although the Tenth Circuit has not addressed the issue, other courts of appeal have uniformly held that "infringement 'commences' for purposes of § 412 when the first act in a series of acts constituting infringement occurs."[42] Under these holdings, statutory damages are not available if the defendant copied the trademark before and after registration.[43]

For example, the Sixth Circuit applied this principle to a case in which an architect infringed several designs of a competitor.[44] There, the infringement began a month before the copyright for the designs was registered, and one design was infringed after the copyright

---

[39] *Id.* § 412 (providing an exception to §§ 504 and 505). There are exceptions to this principle but neither party has argued their application here. *See id.*; *Motion*; *Opposition*.

[40] *Opposition* at 1–2.

[41] *Id.*

[42] *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998); *see also S. Credentialing Support Servs., L.L.C. v. Hammonds Surgical Hosp., L.L.C.*, 946 F.3d 780, 782 (5th Cir. 2020) ("We have interpreted section 412 to bar statutory damages even for a defendant's postregistration copying of a plaintiff's [work] if copying also occurred before registration."); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008) ("The first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." (citation modified)). An exception may exist, as the Second Circuit noted, where "the infringing activity ceased for an appreciable period of time." *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158–59 (2d Cir. 2007). The Second Circuit stated this exception could apply where the allegedly infringing activity ceased for "nine or ten years." *Troll Co.*, 483 F.3d at 159. Other courts have held this exception does not apply to gaps of seven months, one year, or two years. *See New Name, Inc. v. The Walt Disney Co.*, No. CV 07-5034-PA, 2008 WL 5587487, at *3 (C.D. Cal. July 23, 2008); *Fischer v. Forrest*, No. 14-CIV-1304-PAE-AJP, 2017 WL 2992663, at *13 (S.D.N.Y. July 14, 2017); *Segura v. Sofa Ent., Inc.*, No. 3:16-CV-0938-AC, 2017 WL 2532211, at *4 (D. Or. June 9, 2017). The court does not consider the exception's application here since neither party has argued it. *See Motion*; *Opposition*.

[43] *See S. Credentialing Support Servs.*, 946 F.3d at 782.

[44] *Johnson*, 149 F.3d at 496, 504–05.

registration.[45] The Court rejected the argument that the later copying of the design instituted a separate act of infringement after the registration date. The Court noted such a holding would thwart Section 412's dual purposes of "encouraging copyright owners to register and . . . encouraging potential infringers to check registration."[46]

The Ninth Circuit reached the same conclusion in a case involving a hangtag on clothing that was infringed a month before the copyright registration.[47] The Court held subsequent infringements that occurred after registration did not constitute new infringements. Rather, the pre-registration infringement was the first "in a series of ongoing infringements of the same kind" and therefore marked "the commencement of one continuing infringement under § 412."[48]

The Fifth Circuit has also ruled similarly. In *Mason v. Montgomery Data, Inc.*,[49] the court held "a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration."[50] In *Southern Credentialing Support Services*, the Fifth Circuit extended that holding to conclude Section 412 "bars statutory damage awards when a defendant violates one of the six exclusive rights of a copyright holder preregistration and violates a different right in the same work after registration."[51] The

---

[45] *Id.* at 505.

[46] *Id.*

[47] *Derek Andrew*, 528 F.3d at 699–700.

[48] *Id.* at 701.

[49] 967 F.2d 135 (5th Cir. 1992).

[50] *Id.* at 144; *see also S. Credentialing Support Servs.*, 946 F.3d at 785 (summarizing *Mason*, 967 F.2d 143–44).

[51] *S. Credentialing Support Servs.*, 946 F.3d at 786.

determinative question is whether the defendant infringed on a particular trademark pre- and postregistration—and not the nature of the infringing behavior.[52]

The court finds these cases persuasive. The statutory language precludes damages where "*any* infringement of copyright in an unpublished work commenced before the effective date of its registration."[53] That language does not appear to allow a plaintiff to choose to sue only for postregistration infringement where some use began before the registration's effective date.

Here, the Copyrighted Photographs were registered on November 15, 2022.[54] Therefore, any defendant whose alleged infringement began prior to November 15, 2022 cannot be liable for statutory damages and attorney's fees.

Hamilton Park and Crowder began their allegedly infringing behavior prior to November 15, 2022. Hamilton Park allegedly began posting the Copyrighted Photographs to its social media pages in October 2020.[55] Crowder allegedly began posting the Copyrighted Photographs to her LinkedIn feed in June 2020.[56] Since the infringement commenced prior to registration, Hamilton Park and Crowder cannot be liable for statutory damages and attorney's fees.

In his Opposition, Blakely attempts to argue that some of the Copyrighted Photographs have dates of first infringement after registration.[57] Blakely cites to photographs in the First Amended Complaint where it appears Hamilton Park posted the photo on social media after November 15, 2022.[58] However, the First Amended Complaint does not allege the date of the

---

[52] *See id.*

[53] 17 U.S.C. § 412 (emphasis added).

[54] *First Amended Complaint* ¶ 9.

[55] *Id.* ¶¶ 14, 16–17.

[56] *Id.* ¶ 13.

[57] *Opposition* at 2.

[58] *Id.* (citing *First Amended Complaint* at 33).

post was the date of first infringement.[59]  Rather, this paragraph of the First Amended Complaint alleges the infringing behavior "beg[an] on October 16, 2020."[60]  Although the Opposition includes many new factual allegations, the court may not consider factual allegations not included in the First Amended Complaint.[61]  Accordingly, Hamilton Park cannot be held liable for statutory damages and fees

Adams, however, did not commence her infringing behavior until after registration.  She allegedly posted the Copyrighted Photographs to her Instagram feed on November 9, 2023.[62]  This is the only allegation of Adams' infringement.[63]  Because her infringement occurred after the mark's registration, statutory damages and costs remain available against Adams.

## CONCLUSION

For the reasons explained above, the Motion is GRANTED IN PART and DENIED IN PART.[64]  The claims for statutory damages and attorney's fees against Hamilton Park and Crowder are DISMISSED WITHOUT PREJUDICE.  The court DENIES the Motion with respect to the claims for statutory damages and attorney's fees against Adams.

The Opposition suggests additional factual allegations that are not included in the First Amended Complaint may allow the claims to proceed.[65]  The court grants Blakely leave to file a Second Amended Complaint within 21 days should he choose to do so.

---

[59] *First Amended Complaint* ¶ 14.  The Opposition includes many new factual allegations that the court cannot consider in deciding the Motion.  *See Opposition* at 2–4.

[60] *First Amended Complaint* ¶ 14.

[61] *See Opposition* at 2–4; *see also Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d at 1230 ("Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss." (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)); *Gonzalez v. Salt Lake City Corp.*, 2025 WL 2732511 (same).

[62] *First Amended Complaint* ¶ 19.

[63] *See id.*

[64] Dkt. 18.

[65] *See Opposition*; *Reply* at 4–5.

SO ORDERED this 26th day of November, 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge